**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
BEAUMONT DIVISION

| | |
|---|---|
| BEVERLY CELESTAIN and PAUL JONES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AC & SONS, INC. d/b/a WILLY BURGER and COLBURN McCLELLAND<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*  Civil Action No.: 1:20-cv-157<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

**COLLECTIVE ACTION COMPLAINT AND
DEMAND FOR TRIAL BY JURY**

Plaintiffs, Beverly Celestain and Paul Jones, individually and on behalf of all others similarly situated, by and through their undersigned counsel, allege as follows:

**INTRODUCTION**

1. Plaintiffs bring these claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, against Defendants, AC & Sons, Inc. d/b/a Willy Burger ("Willy Burger") and Colburn McClelland ("McClelland"), for failing to pay overtime wage compensation for all hours worked over forty (40) in a workweek.

2. Plaintiffs and all similarly situated persons who worked as cashiers, cooks, line persons, and other similar job positions performed non-exempt duties and are entitled to overtime pay, liquidated damages, attorneys' fees and costs as allowed by the FLSA.

**JURISDICTION AND VENUE**

3. This court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as Plaintiffs' claims are brought pursuant to the FLSA, 29 U.S.C. § 201, *et seq.* and,

more particularly, 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any federal or state court of competent jurisdiction."

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the acts and omissions giving rise to the claims set forth herein occurred in this District.

## PARTIES

5. Plaintiff Beverly Celestain ("Celestain") is an adult resident of the State of Texas.

6. Celestain has consented in writing to be a party to this FLSA action pursuant to 29 U.S.C. § 216(b). Her Consent Form is attached hereto as Exhibit "A."

7. Plaintiff Paul Jones ("Jones") is an adult resident of the State of Texas.

8. Jones has consented in writing to be a party to this FLSA action pursuant to 29 U.S.C. § 216(b). His Consent Form is attached hereto as Exhibit "B."

9. As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

10. Celestain worked as a cashier for Defendants at their location in Beaumont, Texas from approximately 2015 until approximately February 2020.

11. Jones worked as a cook for Defendants at their location in Beaumont, Texas from approximately 2014 or 2015 until approximately February 2020.

12. Defendant, AC & Sons, Inc., is a Texas domestic for-profit corporation with its corporate office located at 6103 Verde Place, Katy Texas 77493, and may be served through its registered agent, Angie McClelland, at 414 Dowlen Road, Beaumont, Texas 77706 or wherever she may be found.

13. Defendant, Colburn McClelland, is a major individual domiciled in Katy, Texas. At all relevant times, McClelland was the owner and operator of Willy Burger's two restaurant

locations in Beaumont, Texas and Katy, Texas. McClelland may be served at 7019 Prairie Grass Lane, Katy, Texas 77493 or wherever he may be found.

14. Defendant McClelland employed Plaintiffs and participated directly in employment decisions regarding the Plaintiffs' rights for which they seek redress in this case.

15. At all relevant times, McClelland has been actively involved in managing the operations of the Willy Burger restaurants.

16. At all relevant times, McClelland had control over Willy Burger's pay policies and the unlawful policies and practices alleged herein.

17. At all relevant times, McClelland had power over personnel and payroll decisions at the Willy Burger restaurants.

18. At all relevant times, McClelland had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

19. At all relevant times, McClelland had the power to enter into contracts on behalf of the Willy Burger restaurants.

20. At all relevant times, McClelland had the power to close, shut down, and/or sell the Willy Burger restaurants.

## COVERAGE UNDER THE FLSA

21. Defendants have an annual gross volume of sales made or business done of $500,000 or greater in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

22. Plaintiffs were "employees" of Defendants within the meaning of the FLSA and was engaged in interstate commerce as defined by 29 U.S.C. § 206(a) and § 207(a)(1).

23. Defendants are covered employers as defined by 29 U.S.C. § 203(d).

24. Defendants have employed two or more persons, including Plaintiffs, who are or were "engaged in commerce or in the production of goods for commerce," or have had "employees handling, selling, or otherwise working on goods or materials that have been moved and/or produced for commerce by any person," as defined by 29 U.S.C. § 203(s)(1)(A)(i).

25. Defendants' workers, including Plaintiffs and all cashiers, cooks, line persons, and other similar job positions, are subject to the provisions of 29 U.S.C. § 206.

26. Plaintiffs allege that Defendants' uniform payroll practice deprived Plaintiffs and those similarly situated overtime in violation of the FLSA.

27. Defendants constitute or comprise an enterprise under the FLSA that jointly and/or individually employed Plaintiffs and the Collective Members.

**FACTUAL ALLEGATIONS**

28. Plaintiff Celestain was employed by Defendants as a cashier.

29. Plaintiff Jones was employed by Defendants as a cook.

30. Willy Burger's cashiers would take orders from customers and process customers' payments. Cooks would grill the meat, fry French fries and onion rings, and prepare other food items on Defendants' menu. Line persons would put orders together by assembling the items for each customer's order. Cashiers, cooks, and line persons would all assist with the job duties of the other job positions as needed in order to ensure an efficiently run kitchen.

31. As part of their employment, Plaintiffs and all cashiers, cooks, line persons, and other similar job positions were governed by specific job duties imposed by Defendants.

32. Defendants paid Plaintiffs an hourly rate of $11.00 per hour.

33. Celestain's regular schedule while working for Defendants was 8:00 am to 4:00 p.m. Monday through Saturday. In a typical workweek, Plaintiff Celestain worked approximately

forty-eight (48) hours. She was paid $11.00 per hour for all hours worked, including hours worked over forty (40) in a workweek.

34. Jones's regular schedule was 8:00 a.m. until approximately 10:30 p.m. on Sunday and Monday, and 8:00 a.m. until 4:00 p.m. Tuesday, Wednesday, Friday, and Saturday. In a typical workweek, Plaintiff Jones worked approximately sixty-one (61) hours. He was paid $11.00 per hour for all hours worked, including hours worked over forty (40) in a workweek.

35. Plaintiffs are aware of other Collective Members who worked approximately seventy-two (72) hours each workweek.

36. Plaintiffs and those similarly situated did not have scheduled breaks or meal periods during their shifts.

37. Plaintiffs and those similarly situated routinely worked over forty (40) hours in a workweek but were not paid an overtime premium.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiffs, on behalf of themselves and all others similarly situated, re-allege and incorporate by reference the above paragraphs as set forth herein.

39. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiffs and the similarly situated individuals worked for Defendants as cashiers, cooks, line persons, and other similar job positions. The proposed Collective under the FLSA is defined as follows:

> **All cashiers, cooks, line persons, and other similarly situated employees employed by AC & Sons, Inc. d/b/a Willy Burger and Colburn McClelland who worked over forty (40) hours in a workweek at any time within three (3) years prior to the filing of the Complaint.**

40. Plaintiffs and the Collective are victims of Defendants' widespread, repeated, and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 *et seq.*, and that have caused significant damage to Plaintiffs and the Collective.

41. Defendants have engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.* as described in this Complaint in ways including, but not limited to, failing to pay employees overtime compensation.

42. By failing to compensate Plaintiffs and the Collective, Defendants violated, and continue to violate, Plaintiffs' and the Collective's rights under FLSA, 29 U.S.C. § 207.

43. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255, without a good faith or reasonable basis.

44. Plaintiffs, on behalf of themselves and the Collective, seek damages for unpaid wages, liquidated damages as provided under the FLSA, interest, and such other legal and equitable relief as the Court deems proper.

45. Plaintiffs, on behalf of themselves and the Collective, seek recovery of attorney's fees and costs to be paid by Defendants as provided by the FLSA.

**VIOLATION OF THE FLSA FOR FAILURE TO PAY OVERTIME COMPENSATION**

46. Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

47. Plaintiffs and the Collective are/were entitled to be paid one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

48. During their employment with Defendants, Plaintiffs and the Collective regularly worked more than forty (40) hours in a workweek and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

49.     Beginning in approximately 2019, Defendants began issuing a separate paycheck to Plaintiffs each pay period for all hours worked in excess of forty (40) in a workweek. These separate paychecks were not run through payroll and were issued for the purpose of hiding the number of overtime hours Plaintiffs worked to avoid paying overtime compensation.

50.     Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and the Collective.

51.     Defendants did not act in good faith or in reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

52.     Defendants also failed to post required FLSA informational listings as required by the FLSA for Plaintiffs and the Collective. As a result of Defendants' willful violation of the FLSA, Plaintiffs and the Collective are entitled to liquidated damages.

53.     Defendants were previously sued in the Southern District of Texas in June 2019 for violations of the FLSA based on a substantially similar payment scheme. Defendants have been on notice since at least that time that their payment scheme violates the FLSA, and therefore Defendants did not act in good faith in formulating their pay practices.

54.     During the relevant period of within the last three (3) years, Defendants violated §7(a)(1) and §15(a)(2) of the FLSA by employing workers in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that the Court grant the following relief:

A. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b);

B. Authorizing prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to be sent to the Collective;

C. Declaring that Defendants willfully violated the overtime provisions of the FLSA;

D. Awarding Plaintiffs and the Collective all damages allowable under the FLSA including, but not limited to, unpaid overtime and liquidated damages;

E. Granting judgment in favor of Plaintiffs and the Collective and against Defendants, and awarding overtime compensation for the past three (3) years;

F. Awarding reasonable attorneys' fees and costs incurred in prosecuting this action;

G. Awarding pre- and post-judgment interest on all amounts awarded herein; and

H. For all such further relief as the Court deems equitable and just.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and the Collective, demand a trial by jury.

By: /s/ Scott E. Brady
Philip Bohrer  (TX Bar #00792194)
phil@bohrerbrady.com
Scott E. Brady
scott@bohrerbrady.com
Amanda E. McGowen
amcgowen@bohrerbrady.com
**BOHRER BRADY, LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

-and-

Trang Q. Tran
**TRAN LAW FIRM, LLP**
2537 S. Gessner, Suite 104
Houston, TX 77063
Telephone: (713) 223-8855
Facsimile: (713) 623-6399
[ttran@tranlawllp.com](mailto:ttran@tranlawllp.com)
[service@tranlawllp.com](mailto:service@tranlawllp.com)

**ATTORNEYS FOR PLAINTIFFS**